Crozier, S J.,
delivered the opinion of the court.
This is an action on the case brought by the plaintiff in error against the defendant in error in the Circuit Court of Grainger county. The declaration contains two counts. The first count charges that the defendant erected a mill dam, and the second a dam across a water course adjoining, the farm of the plaintiff, which caused his land to be overflowed. A trial was had and the jury returned a general verdict in favor of the plaintiff, and assessed his damages to seventy-five dollars. Upon this finding of the jury, the court rendered a judgment in favor of the plaintiff for seventy-five dollars damages and seventy-five dollars costs, and gave a judgment in favor of the defendant against the plaintiff for the residue of the costs.
To sustain this judgment it is contended, on behalf of the defendant in error, that this-is a case within the Act of 1811, *65 ch. 91, relative to the erection and keeping up of grist mills, and other water works of utility, in which, under certain circumstances it is provided, that the plaintiff shall recover no more costs than damages, and that the defendant shall recover the residue of the costs. The Act is as follows : “ In all' suits brought for the recovery of damages occasioned by the overflowing of water from the erection and keeping up a grist mill, or other water works of utility, the plaintiff or plaintiffs, shall in no instance recover of the defendant or defendants, a greater sum in costs than may be assessed by the jury in damages. It shall be the duty of the Court before whom any such suit may be tried to pronounce judgment against the defendant for as much costs as there may be damages assessed, and at the same time to pronounce judgment against the plaintiff for the residue of the said costs.”
Now there is nothing on the face of the record-in this case, either in- the declaration or judgment of the Court, which shows that the mill dam as charged in the first count, or the dam as charged in the second count of the declaration, as causing the overflow of the plaintiffs land,-was connected with the erection and keeping up of a grist mill, or other water work of utility. Whether the mill dam was connected with a grist mill or other kind of a mill, and whether (if with other water works) they were of utility, and kept up so as to bring this case within the provisions of the Act of 1811, ch. 91, we are left entirely to conjecture, there being no proof whatever of these facts in the record.
But it is said secondly, that the Circuit Court being a Court of superior jurisdiction, every presumption and intendment will be made in favor of the correctness of its judgment. This precise question in two cases exactly similar to the one now under consideration, has heretofore been decided by this Court, in the case of Nicholls vs. Carter, not reported, and in the case of McReynolds vs. Cates, 7 Hum. p. 29-30. In the *66 latter case the Court say in tbe opinion: “ It may be true, and no doubt is, that the dam was erected for a grist mill, or other water works of utility, and that fact may have appeared in proof before the Circuit Court, but such fact does not appear in this record, nor even in the judgment of the Court, and we are not authorized to presume it notwithstanding every reasonable intendment is to be made in favor of verdicts and judgments in Superior Courts. The general.law is, as declared by the Act of 1794, ch. 1, sec. 72, that costs are to follow the event of the suit; but the Act of 1811, ch. 91, makes an exception to this general law in cases of suits for the recovery of damages occasioned by the overflowing of water from the erection and keeping up a grist mill,' or other water works of utility. The present case may be within the exception as indicated by the judgment, but such is not shown to be the fact by the record.”
These adjudications have conclusively established the principle and practice in cases arising under the act of- 181.1, ch. 91. They are exceptions to and in conflict with the general law on the subject of costs, and the record must show that the case comes within the provisions of the special law, and it cannot be inferred from the judgment of the Court.
The judgment of the Circuit .Court will therefore be reversed, and a judgment rendered in favor of the plaintiff for full costs in the court below, and the; costs in this ;court.